IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR TO BBVA USA, | : : : : : : : : : : : : : | CIVIL ACTION<br><br>NO. _____ |
| Plaintiff, | | |
| v. | | |
| BRETT SPE LLC, | | |
| Defendant. | | |

## COMPLAINT

Plaintiff, PNC Bank, National Association, successor to BBVA USA ("**Lender**"), by and through its undersigned counsel, hereby files this Complaint against Defendant, Brett SPE LLC ("**Borrower**"), and states as follows:

### PRELIMINARY STATEMENT

1. This action arises out of Borrower's failure to repay a commercial loan made by BBVA USA ("**Originating Lender**") to Borrower in the original principal amount of $8,687,500.00 (the "**Loan**"), which Loan was made pursuant to a Loan Agreement, dated July 25, 2019, between Originating Lender and Borrower (the "**Loan Agreement**") and was evidenced by a Note, dated July 25, 2019, made by Borrower in favor of Originating Lender in the original principal amount of $8,687,500.00 (the "**Note**").

2. Borrower failed to pay the entire unpaid principal amount of the Loan, together with all accrued and unpaid interest thereon, and all fees, costs, expenses and other amounts, if any, due and payable under the Loan Agreement and the other Loan Documents (as defined in the Loan Agreement) when the Loan matured on July 24, 2024.

3. As a result, an Event of Default occurred under the Loan Agreement.

4. By letter dated August 12, 2024, Lender provided written notice of such Event of Default and implemented the Default Rate (as defined in the Loan Agreement).

5. By letter dated January 23, 2026, Lender provided Borrower's counsel with written notice of its intent to file the instant foreclosure action along with a draft complaint in foreclosure.

6. Borrower has failed to cure the Event of Default.

7. Accordingly, Lender brings this action seeking to (i) enforce the Loan Documents and (ii) foreclose on the Mortgage (as defined in the Loan Agreement) made by Borrower in favor of Originating Lender securing the Loan.

## PARTIES

8. Lender is a national banking association registered in the State of Delaware, with its main office located in Wilmington, Delaware; therefore, Lender is a citizen of the State of Delaware for purposes of diversity jurisdiction.

9. Borrower is a Michigan limited liability company. On information and belief, its sole member is Chrispat Aspen, L.L.C., a Colorado limited liability company. For purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its members are citizens. Upon information and belief, no members of Chrispat Aspen, L.L.C. are citizens of Delaware.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

11. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is located in this District at 12001 Tech Center Drive, Livonia, Michigan 48150.

**FACTS**

I. **The Loan and Loan Documents**

12. Pursuant to the Loan Agreement, Originating Lender made the Loan to Borrower.

13. A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A**.

14. The Loan is evidenced by the Note.

15. A true and correct copy of the Note is attached hereto as **Exhibit B**.

16. The Loan Agreement and the Note are secured by, inter alia, a Mortgage dated July 25, 2019 (the "**Mortgage**"), by Borrower in favor of Originating Lender, recorded with the Register of Deeds of Wayne County, Michigan on July 31, 2019 as Document ID No. 2019231207, pursuant to which Lender holds a lien on certain improved real property located in the City of Livonia, County of Wayne, State of Michigan and known as 12001 Tech Center Drive and referred to in the Mortgage as the "Mortgaged Premises".

17. A true and correct copy of the Mortgage is attached hereto as **Exhibit C**.

18. PNC Bank, National Association is the successor to BBVA USA and is the current holder of the Loan Agreement, the Note, the Mortgage and the other Loan Documents.

II. **Relevant Terms of the Loan Documents**

   A. **Borrower's obligation to repay the full balance of the Note on the Maturity Date**

19. Pursuant to Section 2.2(c) of the Loan Agreement, the entire unpaid principal amount of the Loan, together with all accrued and unpaid interest thereon, and all fees, costs, expenses, and other amounts, if any, due and payable under the Loan Agreement and under the Other Loan Documents (the "**Outstanding Indebtedness**") was due and payable on July 24, 2024 (the "**Maturity Date**"). *See Ex. A at §2.2(c)*.

20. Borrower's failure to pay the Outstanding Indebtedness in full on or prior to the Maturity Date constitutes an Event of Default (as defined in the Loan Agreement) under the Loan Documents (the "**Maturity Default**"). *See Ex. A at §8.1(a); Ex. B; and Ex. C at §2.1;*

21. Upon the occurrence of an Event of Default, the Loan, together with all accrued interest thereon, and all other Obligations (as defined in the Loan Agreement) under the Loan Agreement, the Note, and the other Loan Documents automatically become due and payable in full and Lender may exercise all remedies available under the Loan Agreement and under the other Loan Documents and at law and in equity including, without limitation, foreclosure of the Mortgage. *See Ex. A at §8.1 and Ex. C at Article III.*

B. **Relevant Contractual Provisions**

22. The Mortgage secures repayment of the Outstanding Indebtedness. *See Ex. C at p. 1*.

23. Borrower is the fee owner of the Mortgaged Premises.

24. Pursuant to the Mortgage, Borrower granted to Lender a first-priority mortgage lien on the Mortgaged Premises.

25. Pursuant to the Mortgage, Lender may institute and maintain an action to foreclose the Mortgage upon the occurrence and during the continuance of an Event of Default. *Id., ¶ 3.3*

26. Pursuant to the Mortgage, Lender is entitled to recover its legal expenses and attorneys' fees incurred in connection with enforcement of the Mortgage. *Id., 1.24*.

### C. Interest, Expenses, Fees, and Costs Authorized by the Loan Documents

27. Pursuant to the Loan Agreement, upon the occurrence and continuance of an Event of Default, interest accrues on the unpaid principal balance of the Loan at the Default Rate equal to three and one-half of a percent (3.5%) above the interest rate that would otherwise be applicable to the Loan. *See Ex. A at §3.3(a)*.

28. Pursuant to the Loan Documents, Lender may recover all fees, expenses, and costs incurred in connection with the enforcement of the Loan Documents, including attorneys' fees, court costs, and protective advances.

### III. The Defaults and Demands

29. Borrower's failure to pay the Outstanding Indebtedness in full on or prior to the Maturity Date constitutes an Event of Default under the Loan Documents. *See Ex. A at §8.1(a); Ex. B; and Ex. C at §2.1*.

30. By letter dated August 12, 2024 (the "**Notice of Default**"), Lender provided written notice to Borrower of the Maturity Default.

31. A true and correct copy of the Notice of Default is attached hereto as **Exhibit D**.

32. Pursuant to the Notice of Default, Lender advised Borrower that, as a result of the Maturity Default, Lender was implementing the Default Rate.

33. By letter dated January 23, 2026, Lender provided Borrower's counsel with written notice of its intent to file the instant foreclosure action along with a draft complaint in foreclosure.

34. A true and correct copy of the Letter is attached hereto as **Exhibit E**.

5

35.    As of the date hereof, Borrower has failed to cure the Maturity Default.

## V. Lender's Damages

36.    The following amounts are currently due and payable under the applicable Loan Documents:

| Loan | |
|---|---|
| Principal Balance | $8,467,593.89 |
| Interest (as of March 5, 2026): | $68,479.12 |
| | |
| **Subtotal:** | **$8,536,073.01** |
| | |
| Inspection Fees | $1,000.00 |
| Appraisal Fees | $8,325.00 |
| | |
| **Protective Advances Subtotal** | **$9,325.00** |
| | |
| Attorneys' Fees (as of March 9, 2026) | $81,068.00 |
| | |
| **TOTAL OBLIGATIONS OF BORROWER TO LENDER:** | **$8,626,466.01** |

37.    In addition, under the terms of the Loan Documents, Borrower is liable for continuing interest on the outstanding principal balance of Note, and for Lender's continuing fees and expenses, including, without limitation, its attorneys' fees and costs from and after March 5, 2026, and any additional expenses incurred and/or Protective Advances made for the evaluation, maintenance, protection, or disposal of the Collateral, the enforcement of the Loan Documents, and the collection of the amounts due.

## VI. Causes of Action

### COUNT I – Breach of Loan Agreement and Note (Against Borrower)

38.    Borrower and Originating Lender Entered into the Loan Agreement, the Note and the Mortgage.

39.    Lender is the successor to the Originating Lender.

40. Borrower breached the Loan Agreement and Note by failing to pay the Outstanding Indebtedness on or prior to the Maturity Date.

41. As a result of the Borrower's breaches, Lender has suffered damages in an amount to be proven at trial, including principal, interest, fees, costs, and expenses.

**COUNT II – Mortgage Foreclosure (Against Borrower)**

42. Borrower and Originating Lender Entered into the Loan Agreement, the Note and the Mortgage.

43. Lender is the successor to the Originating Lender.

44. By failing to pay the Outstanding Indebtedness on or prior to the Maturity Date, an Event of Default has occurred and is continuing under the Mortgage.

45. Lender is entitled to foreclose the Mortgage and have the Mortgaged Premises sold to satisfy the Outstanding Indebtedness.

**PRAYER FOR RELIEF**

WHEREFORE, Lender requests judgment against Borrower as follows:

A monetary judgment in favor of Lender and against Borrower awarding damages in the total amount of **$8,626,466.01** comprising of (i) $8,467,593.89 in principal, (ii) 68,479.12 in accrued interest as of March 5, 2026, (iii) $1,000 in inspection fee and (iv) $8,325 in appraisal fees, for a total of $9,325.00 in protective advances, and (v) $81,068.00 in attorneys' fees as of March 9, 2026; plus continuing interest at the Default Rate on the Outstanding Indebtedness, and/or post-judgment interest; and Lender's continuing fees and costs, including without limitation continuing attorneys' fees, and continuing protective advances to evaluate, maintain, protect, or dispose of the Mortgaged Premises;

An order of foreclosure of the Mortgage, directing the sale of the Mortgaged Premises in accordance with applicable law and application of the proceeds to the amounts due under the Loan Documents; and

Such other and further relief as the Court deems just and proper.

Respectfully submitted by,

Dated: March 15, 2026

/s/ *Jenny N. Perkins*
Jenny N. Perkins, Esq.
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500
perkinsj@ballardspahr.com

Jennifer K. Green, Esq.
Clark Hill
220 Park St
Suite 200
Birmingham, MI 48009
(248) 988-2316
jgreen@clarkhill.com

Counsel for Plaintiff,
*PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR TO BBVA USA,*