# EXHIBIT B



.0950

**Promissory Note**

V. Hodge                          Vyonne Hodge                          9/5/2019

**ORIGINAL**

Execution Version

## NOTE

$8,687,500.00                                                                                                    July 25, 2019

**FOR VALUE RECEIVED, BRETT SPE LLC**, a Michigan limited liability company (hereinafter referred to as the "Borrower"), promises to pay to the order of **BBVA USA**, an Alabama banking corporation its successors and assigns (hereinafter referred to as the "Lender"), on the Maturity Date or such earlier dates as are provided for in the Loan Agreement (defined below) the principal amount of $8,687,500.00.

Borrower also promises to pay (i) interest on the unpaid principal amount hereof from the date hereof until paid at the rates and at the times determined in accordance with the provisions of the Loan Agreement and (ii) Additional Interest (as defined in the Mortgage), and all other amounts due and payable pursuant to the Loan Agreement (defined below).

All payments of principal and interest in respect of this Note shall be made in lawful money of the United States of America in same day funds at the office of Lender described in the Loan Agreement.

This Note is the "Note" referred to in, and is entitled to the benefits of, that certain Loan Agreement dated July 25, 2019 (hereinafter, as it may be from time to time amended, modified, extended, renewed, substituted, and/or supplemented, referred to as the "Loan Agreement") executed by and between Borrower and Lender, which among other things provides for the acceleration of the maturity hereof upon the occurrence of certain events and for repayments in certain circumstances and upon certain terms and conditions. Defined terms used but not expressly defined herein shall have the same meanings when used herein as set forth in the Loan Agreement.

Borrower hereby expressly waives presentment, demand, notice, protest and all other demands and notices in connection with the delivery, acceptance, performance, default or enforcement of this Note and the Loan Agreement, and an action for amounts due hereunder or thereunder shall immediately accrue.

Lender and Borrower intend to conform to all applicable laws limiting the maximum rate of interest that may be charged or collected by Lender from Borrower. Accordingly, notwithstanding any other provision hereof, Borrower shall not be required to make any payment to or for the account of Lender, and Lender shall refund any payment made by Borrower, to the extent that such requirement or such failure to refund would violate or conflict with mandatory and nonwaivable provisions of applicable law limiting the maximum amount of interest which may be charged or collected by Lender from Borrower. In any action, suit or proceeding pertaining to this Note, the burden of proof, by clear and convincing evidence, shall be on Borrower to demonstrate that this Paragraph applies to limit any obligation of Borrower under this Note or to require Lender to make any refund, or claiming that this Note conflicts with any applicable law limiting the maximum rate of interest that may be charged or collected by Lender from Borrower, as to each element of such claim.

This Note shall be governed by, and construed in accordance with, the laws of the State of New York without giving effect to its choice of law principles that would impose the laws of another jurisdiction.

*[Remainder of Page Intentionally Left Blank; Signature Page Follows]*

**IN WITNESS WHEREOF**, Borrower has caused this Note to be executed and delivered by its duly authorized officer, as of the date and the place first above written, with the intent to be legally bound hereby.

**BORROWER:**

BRETT SPE LLC, a Michigan limited liability company

By:   Chrispat Aspen, L.L.C., a Colorado limited liability company, its sole member

By: _____

Name: Louis R. Piscatelli
Title:   Manager

**STATE OF** _Connecticut_

**COUNTY OF** _New Haven_ ss.

On _July 23, 2019_ before me, _Alice L Lopes_ personally appeared _Louis R Piscatelli_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _Connecticut_ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____

My commission expires _____

ALICE L. LOPES
NOTARY PUBLIC, STATE OF CONNECTICUT
MY COMMISSION EXPIRES 12/31/2021

*[Note – Signature Page]*